IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LISA LINDSEY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 4:17cv00680-SWW-JJV |
| Commissioner for Operations, performing | * | |
| the duties and functions not reserved to | * | |
| the Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Lisa Lindsey, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Ms. Lindsey is forty-nine years old. (Tr. 33.) She is a high school graduate (*id.*) and has past relevant work as a school cafeteria cook, hospital housekeeper, and dental floss packer. (Tr. 21.)

The Administrative Law Judge[1] (ALJ) found Ms. Lindsey had not engaged in substantial gainful activity since September 12, 2014 - the alleged onset date. (Tr. 12.) She has "severe" impairments in the form of "degenerative disc disease of the thoracic and lumbar spine, chronic

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

pain syndrome, obesity, major depressive disorder, and generalize anxiety disorder." (*Id.*) Although she has "severe" impairments, the ALJ found Ms. Lindsey did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The ALJ determined Ms. Lindsey had the residual functional capacity to perform a reduced range of sedentary work given her physical and mental impairments. (Tr. 15.) Based on this finding, the ALJ concluded Ms. Lindsey could no longer perform her past work and utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert, the ALJ determined Ms. Lindsey could perform the jobs of document preparer and surveillance system monitor. (Tr. 22, 51-55.) Accordingly, the ALJ determined Ms. Lindsey was not disabled. (Tr. 23.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

The central issue in this case is whether the ALJ properly assessed the limiting effects of Plaintiff's back impairment. I find this case to be a very close call. There is much evidence – including a statement from a treating doctor – that supports Plaintiff's allegations that she is unable to work because of the debilitating pain and limitation associated with her degenerative disc disease of the thoracic and lumbar spine. However, there is also substantial evidence to support the ALJ's decision that Plaintiff is not precluded from all forms of work activity.

One of Plaintiff's treating doctors, William Edward Ackerman, III, M.D., reported that Plaintiff did have some pain and limitation (Tr. 316), but stated, "The patient is not disabled from

---

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

working. In my medical opinion the patient should have an easier job, but she is not disabled wherein she is unable to do any activities." (Tr. 359.) More recent treatment records from Krishnappa Prasad, M.D., also support the ALJ's determination. (Tr. 664-669.) Additionally, Garry Stewart, M.D., completed a General Physical Examination of Ms. Lindsey and reported nothing to support a claim of complete disability. (Tr. 307-312.)

But Plaintiff argues the ALJ incorrectly discounted the opinion of her treating physician, J. Michael Calhoun, M.D. (Doc. No. 11 at 5-7.) Dr. Calhoun concluded Ms. Lindsey was disabled. (Tr. 655.) The ALJ discounted Dr. Calhoun's opinion saying, "This opinion provides only vague and undefined work-related limitations and, as noted above, the issues of whether a claimant is disabled is reserved to the Commissioner." (Tr. 21.)

Plaintiff is correct that her treating doctor should generally be given deference. But after a close review of the record, I find the ALJ could properly discount Dr. Calhoun's opinion.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

I agree with Plaintiff that Dr. Calhoun's opinion does not seem vague. However, given the overall evidence of record, the ALJ had fair reasons to discount the conclusion that Plaintiff was completely disabled. As the Commissioner points out in her brief, the medical evidence –

4

including MRI's - simply fails to fully support the conclusions of Dr. Calhoun.  In the face of the other doctor's reports I, too, fail to find full support for Dr. Calhoun's statement.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Although Plaintiff clearly has some serious physical impairments, I am unable to find reversible error here.

Plaintiff has advanced other arguments which I have carefully considered and find are without merit.  Plaintiff's subjective pain assessment and whether or not her walker was medically necessary are really of only minor importance.

Ms. Lindsey's counsel has done an admirable job of advocating for her.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

5

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 3rd day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE